# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JESAIAH CLEMMONS,
    Plaintiff,

v.

DIRECTOR WAYNE T. SALISBURY,
*Director, Rhode Island Department of*
*Corrections, in his individual and official*
*capacities;* WARDEN LYNN CORRY,
*Warden of High Security at RI DOC, in*
*her individual and official capacities;*
DEPUTY WARDEN JACK VICINO,
*Deputy Warden of High Security at RI*
*DOC, in his individual and official*
*capacities;* LT. STEVE SARITELLI,
*Lieutenant of High Security at RI DOC,*
*in his individual and official capacities;*
LT. GRANDPRE, *Lieutenant of High*
*Security at RI DOC, in his individual and*
*official capacities;* LT. POTRAIS,
*Grievance Lieutenant of High Security at*
*RI DOC, in his individual and official*
*capacities;* C/O TEIXEIRA, *Correctional*
*Officer of High Security Center at RI*
*DOC, in his individual and official*
*capacities;* J. GASPAR, *Departmental*
*Hearing Officer at the RI DOC, in his*
*individual and official capacities,*
    Defendants.

C.A. No. 26-392-JJM-PAS

## ORDER

Jesaiah Clemmons has filed, along with his Complaint, a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2).  The filing of that Motion creates an obligation by the Court to determine whether the Complaint states a plausible federal claim for relief.  *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28

U.S.C. § 1915(e)(2)(B)(ii) (screening required).  The Court has carefully reviewed the Complaint and concluded for the reasons that follow that it does not.  Because Mr. Clemmons is proceeding *pro se,* he is afforded a thirty-day period in which he may submit an Amended Complaint that accords with the provisions of Fed. R. Civ. P. 15.

It is very unclear to the Court what Mr. Clemmons is claiming.  He has laid out a narrative that began when he was placed in a recreation cage with another inmate with whom he had an altercation two years ago.  That altercation resulted in their allegedly being labeled "Level 1" enemies, not able to be housed together or otherwise brought into contact.  According to the Plaintiff, the other inmate swung at him (and missed), and the Plaintiff fought back.  In the scuffle that ensued, the Plaintiff injured his "pinkie."  Both inmates were sprayed with a chemical spray and then afforded decontamination showers.

Mr. Clemmons claims violations of the Fifth, Eighth and Fourteenth Amendments.  While he complains about the grievance procedure he engaged in, there is no due process claim to be had here.  He received due process in the form of a disciplinary hearing and a subsequent administrative appeal.  There is no substantive due process right identified as violated.

As for the Eighth Amendment, Mr. Clemmons does not appear to be complaining about having been sprayed, nor could he be:  moderate chemical spraying to separate two inmates who are physically fighting would seem to be a response dictated by appropriate security and penological needs.  *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992) ("whether force was

2

applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"). Nowhere does the Plaintiff set out facts that might support a claim of excessive force.

What the Complaint hints at is a claim for failure to protect. "A prison official may be liable under the Eighth Amendment for acting with deliberate indifference to inmate health or safety only if the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'[*Farmer v. Brennan,* 511 U.S. 825,] 837 [(1994)]." *Calderon-Ortiz v. LaBoy-Alvarado,* 300 F.3d 60, 64 (1st Cir. 2002). *Farmer* requires that a plaintiff show that (a) the defendant knew of (b) a substantial risk (c) of serious harm and (d) disregarded that risk. *Farmer,* 511 U.S. at 835-40. The plaintiff must show that the defendant sued was present, observed the incident, could prevent it, and had the opportunity (enough time) to act. *Malave v. C.O. Moson,* No. 23-cv-00524-MSM-LDA, 2024 WL 4110831, at *2 (D.R.I. Sept. 6, 2024).

This Complaint has several problems when measured against the applicable legal standard. First, it names several defendants alleging supervisory liability, but there is no automatic supervisory liability simply for those who employ or are charged with supervising others. There must be a causal connection between the acts of the supervisors and the constitutional violation. *Sanchez v. Pereira-Castillo,* 590 F.3d 31, 49 (1st Cir. 2009). Conclusory allegations that a supervisor is responsible to ensure prisoner safety is insufficient pleading. *Maldonado-Denis v. Castillo-*

*Rodriguez,* 23 F.3d 576, 582 (1st Cir. 1994). In this Complaint, there is <u>no</u> identification of <u>any</u> person who acted directly. A grievance report attached to the Complaint indicates it may have been defendant Teixeira who placed the Plaintiff in the recreation cage, although the Complaint itself simply alleges the Plaintiff "was placed" in a cage, without naming anyone responsible. The long line of defendants from Lieutenants up through Director Salisbury seem to have no connection to the incident, nor any liability. Moreover, all the allegations against the named defendants are conclusory (e.g., "J. Gaspar, violated plaintiff's claims by denying plaintiff proper due process afforded through state and federal constitutions," "Steve Saritelli, violated plaintiffs' claims by his official authority allowing officer misconduct and use of force") and there are no facts given that support the allegations. ECF No. 1 at 12.

Mr. Clemmons may file an Amended Complaint on or before July 19, 2026. In constructing the Amended Complaint, he should take note of the Court's comments on the absence of simple supervisory liability under 42 U.S.C. § 1983 and the elements of excessive force and failure to protect claims. For any defendant sued in an Amended Complaint, there must be facts alleged that support a violation of a specified statutory or constitutional right and that defendant's actions must be both described and attributed to them.

If no Amended Complaint is filed by July 19, or one is filed but it does not cure the defects, the case will be DISMISSED. The Motion to Proceed IFP is deferred.

4

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

June 22, 2026